IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LAKISHA TRACY,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        NO. 3:25-cv-01445
                                      )
O'REILLY AUTOMOTIVE,                  )        JUDGE RICHARDSON
                                      )
        Defendant.                    )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Lakisha Tracy, a Nashville resident proceeding pro se, has filed a Complaint for Employment Discrimination against her former employer, O'Reilly Automotive. (Doc. No. 1.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. APPLICATION TO PROCEED IFP**

Plaintiff's IFP application lists monthly expenses that exceed her monthly income, which is limited to unemployment benefits. The IFP application sufficiently demonstrates that Plaintiff cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at \*1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

B. <u>Facts</u>

In the Complaint, Plaintiff alleges that she was wrongfully terminated two months after she missed work because she had to go to the emergency room, despite having communicated with her manager about her absence. (Doc. No. 1 at 4.) Her manager stated that she had missed three days of work, when in fact she had "only missed 1 day (Jan. 25) with [a] doctor['s] note." (*Id.* at

4–5.) Plaintiff claims that she was discriminated against on the basis of gender/sex and disability, specifying that the condition which is disabling (or perceived to be disabling), and which presumably required accommodating, is Degenerative Disc Disease (DDD). (*Id.* at 4.) Plaintiff alleges that Defendant "would not accept any" of the work accommodations required by her doctor. (*Id.* at 5.) She also claims that she was retaliated against. (*Id.* at 4.) She states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on May 16, 2025, and received a Notice of Right to Sue from the EEOC on September 12, 2025. (*Id.* at 5.) She does not request any relief in her Complaint.

Plaintiff filed, as an exhibit to the Complaint, her Charge of Discrimination before the EEOC, the EEOC's Notice of Right to Sue, and an affidavit dated July 22, 2025, which she appears to have presented before the agency. (Doc. No. 6.) In her Charge of Discrimination—which the Court considers in assessing the plausibility of her claims, *see Amini v. Oberlin Coll.*, 259 F.3d 493, 503 (6th Cir. 2001)—Plaintiff alleged the following facts:

> In January 2025, I contacted Human Resources to report concerns about my supervisor. These included the supervisor disclosing my personal information to coworkers, and a newly hired employee not being disciplined for coming to work under the influence and for theft. I also raised concerns about being required to work following a medical event without proper restrictions in place. I communicated these concerns to risk management and verbally informed Alana Bishop, Supervisor.
>
> On February 21, 2025, I was terminated for allegedly failing to show up for a scheduled shift. I had missed work due to a medical issue that required an emergency room visit and had communicated my absence to management. After being terminated, I contacted Human Resources again to report my concerns. Other employees, including Steven (Male, Hispanic) and Alexandria (Asian, Female), also failed to report for work but were not terminated.
>
> … I believe I have been retaliated and discriminated against due to my Race (Black) and Sex (Female) in violation of Title VII of the 1964 Civil Rights Act, as amended. I also believe I was discriminated against due to my disability in violation of the Americans with Disabilities Act of 1990, as amended.

(Doc. No. 6 at 4–5.) In her affidavit, Plaintiff clarifies that she had gone to the emergency room with pink eye and was told that she should wait two days to return to work because she was contagious. (*Id.* at 8.) Though racial discrimination is charged in her EEOC filing, she does not repeat that claim before this Court.

 C. <u>Analysis</u>

   1. <u>Retaliation claim</u>

In her EEOC Charge of Discrimination, Plaintiff alleged that she reported concerns about her supervisor to Human Resources in January 2025, after having informed the supervisor and "risk management" about issues with the supervisor's behavior. (Doc. No. 6 at 4.) Then, on February 21, 2025, Plaintiff was terminated for "allegedly failing to show up for a scheduled shift"—grounds she clearly believes were pretextual because she had communicated with management regarding the need to miss work, and because other employees were not terminated after failing to report for work. (*Id.*)

"To make a prima facie showing of Title VII retaliation, an employee must show '(1) [s]he ... engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action.'" *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (quoting *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008)). Although a plaintiff is not *required* to make allegations plausibly suggesting all the elements of a *prima facie* case [under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)], courts have held that a plaintiff that has done so has satisfied the plausibility requirement on a Rule 12(b)(6) motion. *See Vandine v. Trinity Health Sys.*, No. 2:14-CV-1242, 2015 WL 5216715, at *4 (S.D. Ohio Sept. 8, 2015) (collecting cases). At this early

stage, accepting Plaintiff's factual allegations and reasonable inferences therefrom as true and construing the Complaint in her favor, the Court finds that the Complaint sufficiently pleads a retaliation claim.

2. <u>Discrimination claims</u>

The Complaint does not contain sufficient facts to support any plausible claim that Plaintiff was terminated on the basis of her sex (female) or disability (DDD). Although she checked a box indicating that Defendant "[f]ail[ed] to accommodate my disability" (Doc. No. 1 at 4), she has not pled facts to establish what accommodation was requested but not granted for her DDD—which does not appear to have been the condition that required the emergency room visit that preceded her firing. Moreover, Plaintiff has entirely failed to allege facts that would support her claim of sex-based discrimination. For example, she was not "replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *Serrano v. Cintas Corp.*, 699 F.3d 884, 893 (6th Cir. 2012) (citation omitted) (describing elements through which intentional discrimination can be proved by circumstantial evidence). Plaintiff has not alleged any facts about her replacement, and, in her EEOC Charge, she compares her case to those of two other employees who "also failed to report for work but were not terminated," but one of the two other employees is female. (Doc. No. 6 at 4.) Although other circumstances alternatively could support her claim of sex-based discrimination, she has not alleged other such circumstances that do so.

The rules governing pleading in federal court require that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill*, 630 F.3d at 470–71. This standard does not require *detailed* factual allegations, but it does require more than

conclusory assertions using ill-defined terms, *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020), such as the Complaint's assertions that Plaintiff was "wrongfully terminated" and that a number of unexplained accommodations required by her doctor were "not accept[ed]." (Doc. No. 1 at 4–5.) The Complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims. Such allegations are lacking here. Although the Court acknowledges that Plaintiff is proceeding pro se, that does not excuse her from complying with the requirements of Rule 8. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). The discrimination claims asserted in the Complaint are not plausibly pled.

     3. <u>Other issues with the Complaint's viability</u>

In addition to containing insufficient factual allegations to support its discrimination claims, the Complaint is also deficient in failing to request any form of relief, as required by Federal Rule of Civil Procedure 8(a)(3). Under Rule 8, in addition to a jurisdictional statement and a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(1)–(2), a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). "District Courts within the Sixth Circuit and Courts in other Circuits have held that a plaintiff's failure to demand any form of relief and thus comport with Rule 8(a)(3), even when proceeding *pro se*, justifies dismissal of the complaint without prejudice under Fed. R. Civ. P. 12(b)(6)." *Davis v. Vill. of Greenfield*, No. 1:25-CV-476, 2025 WL 2880238, at *4 (S.D. Ohio Oct. 9, 2025) (citing cases). Given this additional failure of the Complaint in this case to comply with Rule 8's demands, it is subject to dismissal.

Finally, even if the Complaint complied with applicable pleading requirements, it does not appear to have been filed within the applicable limitations period. In cases where, as here, the EEOC declines to prosecute the charging party's charge of discrimination on her behalf, the EEOC issues the individual a notice of right to sue. Upon receipt of that notice, the plaintiff then has ninety days to file suit in federal court. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e). "This ninety-day requirement is a timing requirement similar to a statute of limitations and serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed." *Peterson v. Hopson*, No. 17-2891-JPM-DKV, 2018 WL 3524635, at *3 (W.D. Tenn. Jan. 17, 2018) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646–47 (6th Cir. 1998)). The requirement of filing within 90 days of receiving the EEOC's notice of suit rights is "strictly enforced," *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000), applies to pro se plaintiffs as well as those represented by counsel, and will bar an action filed even one day late. *Peete v. Am. Standard Graphic*, 885 F.2d 331 (6th Cir. 1989); *see Peterson*, 2018 WL 3524635, at *3–5, and cases cited therein.

The Complaint states that Plaintiff received the EEOC's Notice of Right to Sue on September 12, 2025 (Doc. No. 1 at 5), the same day it was issued. (Doc. No. 6 at 2.) This lawsuit was filed 91 days later, on December 12, 2025.[1] Accordingly, this case would appear to be time-barred.

### III. FURTHER PROCEEDINGS

For the reasons given above, Plaintiff must do two things if she desires to proceed with this action. First, she must **SHOW CAUSE** why the case should not be dismissed as untimely filed more than 90 days after she received notice from the EEOC of her right to sue. Second, if she can

---

[1] If September 13, 2025 marked the first day of the 90-day period, *see* Fed. R. Civ. P. 6(a)(1)(A), then the 90th day was Thursday, December 11, 2025.

show cause why the case should not be found untimely, she must file an Amended Complaint that cures the pleading defects in the original Complaint, identified above.

Plaintiff's response to this Order must be received in this Court within **30 DAYS** of this Order's entry on the docket. Failure to comply with this Order (or seek an extension of time to do so) within the time specified will result in the dismissal of this case.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE